UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAVELL JOHNSON and GWENDOLYN JOHNSON,
Personal Representative for the
ESTATE OF CLARENCE JOHNSON, deceased

Plaintiffs,

-vs-                                             CASE NO: 21-cv
                                                 HONORABLE:

CITY OF ST. CLAIR SHORES,
MARK STEVELINCK, TODD BING, JASON STACHEL,
and GERALD CHOMOS in their individual and official capacity,

    Defendants.

| |
|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiffs, **Javell Johnson and Gwendolyn Johnson, Personal Representative for the Estate of Clarence Johnson, deceased**, by and

1

through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants states as follows:

1. Plaintiff JAVELL JOHNSON is currently a resident of the City of Harper Woods, County of Macomb, State of Michigan.

2. At all times prior to Plaintiff decedent CLARENCE JOHNSON's death, Plaintiff decedent was a resident of the City of St. Clair Shores, County of Wayne, State of Michigan.

3. That Gwendolyn Johnson is the duly appointed and authorized personal representative of the Estate of Clarence Johnson appointed on October 13, 2020.

4. Defendant CITY OF ST. CLAIR SHORES is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

5. The individually-named Defendants are and/or were police officers employed by the City of St. Clair Shores Police Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

6. All events giving rise to this lawsuit occurred in the City of St. Clair Shores, County of Macomb, State of Michigan.

7. This lawsuit arises out of Defendants' violation of Plaintiffs' federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiffs have a viable claim for damages under 42 U.S.C. §1983 as well as, a claim for attorney fees pursuant to 42 U.S.C. §1988.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

11. That on March 13, 2020, Plaintiff Javell was having a verbal dispute with his sister at Plaintiff decedent's home on Edmunton St. in the City of St. Clair Shores.

12. That a passerby called 911.

13. Defendant Stevelinck arrived to the scene, got out of his squad car, took Plaintiff Javell Johnson by his right arm and slammed him face first onto the ground causing Plaintiff to suffer facial fractures.

14. That Plaintiff's decedent was also slammed to the ground by Defendants later resulting in his death.

15. That despite the victim, Plaintiff Javell Johnson's sister, Marcella Johnson, advising Defendant Stevelinck that she was not struck by Plaintiff Javell Johnson and did not want to press charges, Defendant Stevenlinck transported Plaintiff Javell Johnson to the station and charged him with Domestic Violence.

16. That Plaintiff Javell Johnson's charges were denied and never instituted.

17. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiffs suffered significant injuries and damages.

### COUNT I- AS TO PLAINTIFF JAVELL JOHNSON, FOR VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANT MARK STEVELINCK
### 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

18. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

19. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

20. At all material times, Defendant Stevelinck acted under color of law.

21. That Defendant Stevelinck acted unreasonably when he violated Plaintiff Javell Johnson's Fourth Amendment rights when he falsely arrested and falsely detained Plaintiff Javell Johnson without probable cause.

22. At all material times, Defendant Stevelinck acted unreasonably when he violated Plaintiff Javell Johnson's Fourth Amendment rights when he arrested and tried to have charges brought against Plaintiff.

23. Defendant Stevelinck acted unreasonably and failed in his duties when he falsely arrested/detained/seized Plaintiff Javell Johnson without considering the totality of the circumstances.

24. Defendant Stevelinck is not entitled to qualified immunity because he violated Plaintiff Javell Johnson's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

25. Defendant Stevelinck's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff Javell Johnson's deprivation of his constitutional rights.

26. Due to Defendant Stevelinck's actions and/or inactions, Plaintiff Javell Johnson's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff Javell Johnson respectfully requests this Honorable Court to

award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

### COUNT II- AS TO PLAINTIFF JAVELL JOHNSON, FOR VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANTS TODD BING, JASON STACHEL AND GERALD CHOMOS 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

27. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

28. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

29. At all material times, Defendants Todd Bing, Jason Stachel and Gerald Chomos acted under color of law.

30. That Defendants Todd Bing, Jason Stachel and Gerald Chomos acted unreasonably when they violated Plaintiff Javell Johnson's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff Javell Johnson without probable cause.

31. At all material times, Defendants Todd Bing, Jason Stachel, and Gerald Chomos acted unreasonably when they violated Plaintiff Javell Johnson's Fourth Amendment rights when they arrested and tried to have charges brought against Plaintiff.

32. Defendants Todd Bing, Jason Stachel, and Gerald Chomos acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff Javell Johnson without considering the totality of the circumstances.

33. Defendants Todd Bing, Jason Stachel, and Gerald Chomos are not entitled to qualified immunity because they violated Plaintiff Javell Johnson's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

34. Defendants Todd Bing, Jason Stachel, and Gerald Chomos' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff Javell Johnson's deprivation of his constitutional rights.

35. Due to Defendants Todd Bing, Jason Stachel, and Gerald Chomos' actions and/or inactions, Plaintiff Javell Johnson's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff Javell Johnson respectfully requests this Honorable Court to award exemplary, compensatory, and

punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983

36. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

37. At all relevant times herein, the individually-named Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

38. Defendants violated Plaintiffs' clearly established and federally protected right as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures as well as the right to be free from the excessive use of force during the course of the arrest, when Defendants employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff Javell Johnson as well as

Plaintiff decedent Cleveland Johnson which led to his untimely demise.

39. The actions of the Defendants were at all times objectively unreasonable in violation of Plaintiffs' clearly established rights under the Fourth Amendment to the United States Constitution.

40. Defendants are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment right to be free from excessive use of force.

41. As a proximate result of the violations and/or deprivations of Plaintiffs' constitutional rights by Defendants, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C § 1988.

**WHEREFORE**, Plaintiffs request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT IV
## CONSTITUTIONAL VIOLATIONS OF DEFENDANT CITY OF ST. CLAIR SHORES

42. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

43. Defendant City of St. Clair Shores acted recklessly and/or with deliberate

indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiffs.

44. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

   c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

   d. Failing to supervise, review, and/or discipline police officers whom Defendant City of St. Clair Shores knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

   e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

45. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

46. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiffs' injuries.

47. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiffs' Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiffs have a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in Plaintiffs' favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiffs
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: June 2, 2021
CJT/eaw

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAVELL JOHNSON and GWENDOLYN JOHNSON,
Personal Representative for the
ESTATE OF CLARENCE JOHNSON, deceased

Plaintiffs,

-vs-                                                        CASE NO: 21-cv
                                                            HONORABLE:

CITY OF ST. CLAIR SHORES,
MARK STEVELINCK, TODD BING, JASON STACHEL,
and GERALD CHOMOS in their individual and official capacity,

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

1

**NOW COMES** Plaintiffs, **Javell Johnson and Gwendolyn Johnson, Personal Representative for the Estate of Clarence Johnson, deceased**, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                                        Respectfully Submitted,
                                        CHRISTOPHER TRAINOR & ASSOCIATES

                                        **<u>s/ Christopher J. Trainor</u>**
                                        CHRISTOPHER J. TRAINOR (P42449)
                                        AMY J. DEROUIN (P70514)
                                        Attorneys for Plaintiffs
                                        9750 Highland Road
                                        White Lake, MI  48386
                                        (248) 886-8650
                                        amy.derouin@cjtrainor.com

Dated:  June 2, 2021
CJT/eaw