UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAVELL JOHNSON and GWENDOLYN JOHNSON,
Personal Representative for the
ESTATE OF CLARENCE JOHNSON, Deceased

   Plaintiffs,

v

CITY OF ST. CLAIR SHORES, MARK STEVELINCK, ~~TODD BING~~, ~~JASON STACHEL~~ and ~~GERALD CHOMOS~~, in their individual and official capacity,

   Defendants.

Case No.: 21-cv-11305
Hon. Matthew F. Leitman
Mag. David R. Grand

| | |
|---|---|
| Christopher J. Trainor (P42449)<br>Amy J. Derouin (P70514)<br>Christopher Trainor & Associates<br>Attorney for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | Timothy S. Ferrand (P39583)<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>Attorney for Defendants<br>19176 Hall Road, Suite 205<br>Clinton Township, MI  48038<br>(586) 228-5600<br>tferrand@cmda-law.com |

## MOTION TO SHOW CAUSE MARCELLA JOHNSON, BAR HER TESTIMONY IN THIS MATTER, AND FOR THE ENTRY OF AN ADVERSE INFERENCE

  Defendants, CITY OF ST. CLAIR SHORES and MARK STEVELINCK, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC, state as follows for their Motion to Show Cause Marcella Johnson, Bar her Testimony in this Matter, and for Entry of an Adverse Inference:

  Defendants rely on the law and argument in the attached brief in support of

this motion.

Pursuant to Local Rule 7.1(a)(2)(A), Defendants requested, but did not obtain concurrence from Plaintiffs in this Motion.

WHEREFORE, for all these reasons and for those in the attached brief, Defendants CITY OF ST. CLAIR SHORES and MARK STEVELINCK respectfully request this Honorable Court:

1) Issue an Order commanding Marcella Johnson to show cause for why she should not be held in contempt of court for her failure to comply with a duly issued and served subpoena to appear for her deposition and produce the documents requested therein; and,

2) Issue an Order barring Marcella Johnson from testifying in this matter in any manner, including via affidavit on summary judgment and at trial; and,

3) Issue an Order that the jury be instructed they may infer from Marcella's failure to testify that she would have testified that (1) Officer Stevelinck had no physical contact with Clarence Johnson, and (2) Javell Johnson ignored Officer Stevelinck's multiple commands to voluntarily get on the ground.

                                                                           Respectfully Submitted,

                                                                           ***Cummings, McClorey, Davis & Acho, PLC***

                                        By:    /s/ TIMOTHY S. FERRAND
                                                                 TIMOTHY S. FERRAND (P39583)
                                                                Attorney for Defendants
                                                                19176 Hall Road, Suite 205
                                                                Clinton Township, MI 48038
Dated: September 18, 2023               (586) 228-5600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAVELL JOHNSON and GWENDOLYN JOHNSON,
Personal Representative for the
ESTATE OF CLARENCE JOHNSON, Deceased

       Plaintiffs,

v

CITY OF ST. CLAIR SHORES, MARK
STEVELINCK, ~~TODD BING~~, ~~JASON STACHEL~~ and
~~GERALD CHOMOS~~, in their individual and official capacity,

       Defendants.

Case No.: 21-cv-11305
Hon. Matthew F. Leitman
Mag. David R. Grand

| Christopher J. Trainor (P42449) | Timothy S. Ferrand (P39583) |
|---|---|
| Amy J. Derouin (P70514) | Cummings, McClorey, Davis & Acho, P.L.C. |
| Christopher Trainor & Associates | Attorney for Defendants |
| Attorney for Plaintiffs | 19176 Hall Road, Suite 205 |
| 9750 Highland Road | Clinton Township, MI  48038 |
| White Lake, MI  48386 | (586) 228-5600 |
| (248) 886-8650 | tferrand@cmda-law.com |
| amy.derouin@cjtrainor.com | |

# DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO SHOW CAUSE MARCELLA JOHNSON, BAR HER TESTIMONY IN THIS MATTER, AND FOR THE ENTRY OF AN ADVERSE INFERENCE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF RELEVANT FACTS ............................................................... 1

    I.    The Events of March 13, 2020 ................................................................ 1

LAW AND ARGUMENT ...................................................................................... 5

    I.    Marcella Johnson Should be Ordered to Show Cause Why She Should not be Held in Contempt for her Failure to Comply with the Subpoena ................................................................................................................... 5

    II.    Marcella Johnson Should be Barred from Testifying and an Adverse Inference Imposed Regarding Her Failure to Appear ............................ 5

RELIEF REQUESTED ........................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) ..............................................6
*Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)..........................7
*Dedvukaj v. Equilon Enters., LLC*, 301 F.Supp.2d 664, 668 (E.D. Mich. 2004),
   *aff'd*, 132 Fed. Appx. 582 (6th Cir. 2005)..............................................................6
*Dedvukaj*, 301 F.Supp.2d at 668................................................................................6
*Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013).....................................7
*Henry v. Outback Steakhouse of Florida, LLC*, No. 15-cv-10755, 2017 WL
   1382292, at *1-2 (E.D. Mich. Apr. 18, 2017) .......................................................6
*Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) .....................6
*Vodusek*, 71 F.3d at 156 .............................................................................................7
*Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988) ..................................6

**Rules**

Fed. R. Civ. P. 45(a)...................................................................................................5
Fed. R. Civ. P. 45(e)(1), (2) .......................................................................................5
Fed. R. Civ. P. 45(g) ..................................................................................................5

## **STATEMENT OF RELEVANT FACTS**

This lawsuit arises out of the arrest of Plaintiff Javell Johnson and brief detention of Clarence Johnson on March 13, 2020. The Plaintiffs are Javell and Gwendolyn Johnson, as Personal Representative of the Estate of Clarence Johnson, deceased. The Defendants are the City of St. Clair Shores and St. Clair Shores Police Officer Mark Stevelinck. Defendants Bing, Stachel, and Chomos have been dismissed. The remaining claims are False Arrest/Imprisonment of Javell (Count I), Excessive Force (Count III), and municipal liability (Count IV). Count II, False Arrest/Imprisonment of Clarence, was pled against Defendants Bing, Stachel, and Chomos, only. This claim is therefore no longer viable.

### *I.    The Events of March 13, 2020*

On March 13, 2020, Officer Stevelinck was dispatched to a gas station regarding a drunk and disorderly male. Upon arrival, he observed Javell Johnson pounding on the glass partition and demanding a receipt from the clerk. Stevelinck directed Javell to exit the gas station, and subsequently to leave the premises after learning that Javell was highly intoxicated, and that his sister drove him to the station (because of the degree of his intoxication). (**Ex. A**, Stevelinck Dep, at 8-10, 24-26; **Ex. B**, Police Report, at 5)

Soon thereafter, Officer Stevelinck responded to a second run regarding a man (Javell) and woman (Javell's sister, Marcella) fighting in front of a home on

Edmonton Street. Upon arrival, Stevelink observed Javell attempting to physically remove Marcella from the driver's seat of an SUV parked in the driveway, and a second man (Javell and Marcella's father, Clarence) attempting to pull Javell off his sister. (**Ex. A** at 32-33; **Ex. B** at 3-4)

Officer Stevelinck exited his vehicle and directed the two men to get to the ground. Clarence immediately complied. Javell did not. He continued to yell and pull at Marcella. Officer Stevelinck repeated the directive, and Javell ignored it again. Officer Stevelink then grabbed Javell's right arm and performed a straight arm bar takedown. Due to the level of his intoxication, the right side of Javell's face scraped the ground as he landed. Javell stopped resisting, and Stevelinck secured him in handcuffs. (**Ex. A** at 33-48; **Ex. B** at 3-5)

Officers Bing, Chomos, and Stachel arrived on the scene after Javell was secured in cuffs and Clarence was on his feet conversing with Stevelink. Javell was arrested for domestic violence and transported to the St. Clair Shores Police Department. At the station, Javell was evaluated by EMTs before being secured in a holding cell. Later that evening, he complained of arm pain. EMTs were again called, and he was transferred for medical attention. Hospital records show that Javell's blood alcohol level was 2.65 five hours after arrest. (**Ex. A** at 48-49)

Clarence died on April 19, 2020, a month after the incident. (**Ex. F, G.** Johnson Dep, at 6) Plaintiffs claim his death is associated with the police encounter.

However, there is no competent evidence to support this claim. Javell testified that Clarence was not present during his arrest, and was never on the ground. (**Ex. C**, J. Johnson Dep, at 125, 127-29, 149, 176, 178) Marcella failed to appear for her deposition.

Medical records reflect that Clarence suffered from chronic coronary heart disease, congestive heart failure, recurrent deep vein thrombosis, several pulmonary emboli, and hypertension, exacerbated by substance abuse, depression, and repeated refusal to comply with medical directives. There is no medical evidence reflecting injury or new symptomology after the encounter with the police. Clarence died from a sudden cardiac event, resulting from eight years of heart disease, pulmonary embolism, and hypertension.

Clarence had a well-documented history of deteriorating health and noncompliance with medication and medical directives. He was repeatedly hospitalized on an emergency basis. He was last hospitalized on February 12, 2020, following episodes of shortness of breath and symptoms consistent with congestive heart failure and DVT. He was directed to follow up with his cardiologist within a week, but did not do so. He did not treat with any doctor thereafter, and did not complain of any injury arising out of the arrest of Javell.

Marcella Johnson has first-hand knowledge of claimed events and injuries. As such, she is a relevant witness. Plaintiffs' counsel represents Marcella,

negotiated the scheduling of her deposition, and advised that they would accept service of the subpoena noticing it. Counsel agreed to schedule the deposition to take place on July 17, 2023, and Defendants duly issued a Subpoena Duces Tecum. (**Ex. D**, Subpoena Duces Tecum) Marcella failed to appear. (**Ex. E**, Transcript)

At the time of the scheduled deposition, Plaintiff's counsel acknowledged that Plaintiff Gwendolyn Johnson, Marcella's mother and the personal representative of Clarence's Estate, had agreed to produce Marcella, and would immediately provide dates to reschedule her deposition:

> And like I told Mr. Ferrand for the record, I will agree to extend discovery, and I will give you convenient dates with respect to her appearing. I have agreed to produce her, and she is a beneficiary of the estate, so it would behoove her to testify also. So that's all I have on that. And her mom said she would bring her to testify also. So that's that.

(**Ex. E** at 4) Nevertheless, despite repeated requests to reschedule her deposition, neither Plaintiffs' counsel nor Marcella has contacted Defense Counsel to confirm a new date. At this point, a show cause order should issue requiring Marcella to explain why she not be held in contempt for failure to comply with the Subpoena. Marcella should also barred from testifying either via affidavit on summary judgment or at trial, and Defendants allowed an adverse inference that she would have testified that: (1) Officer Stevelinck had no physical contact with Clarence Johnson, and (2) Javell Johnson ignored Officer Stevelinck's repeated directives to voluntarily get on the ground.

# LAW AND ARGUMENT

## I.   Marcella Johnson Should be Ordered to Show Cause Why She Should not be Held in Contempt for her Failure to Comply with the Subpoena

Under Rule 45 of the Federal Rules of Civil Procedure, a party may command a nonparty to attend and testify at a deposition. Fed. R. Civ. P. 45(a). Under the same rule, parties may also command nonparties to produce requested documents. Fed. R. Civ. P. 45(e)(1), (2). Marcella refused to appear at her deposition, and did not supply any of the requested documents. Neither Marcella nor Plaintiffs' counsel has contacted Defense Counsel since to explain why she failed to appear and/or reschedule her deposition.

Fed. R. Civ. P. 45(g), provides:

> The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Marcella Johnson should be compelled to show cause why she should not be held in contempt for her failure to comply with a duly issued and served subpoena to appear for her deposition and produce the documents requested therein.

## II.   Marcella Johnson Should be Barred from Testifying and an Adverse Inference Imposed Regarding Her Failure to Appear

Where a party has been in continued contact with a witness, exercises some control over them, and seeks the benefit of their testimony, but the opposing party has been denied the ability to depose them and question that testimony, the testimony

{01858669-1 }5

may be stricken. *Henry v. Outback Steakhouse of Florida, LLC*, No. 15-cv-10755, 2017 WL 1382292, at *1-2 (E.D. Mich. Apr. 18, 2017) (citing *Dedvukaj v. Equilon Enters., LLC*, 301 F.Supp.2d 664, 668 (E.D. Mich. 2004), *aff'd*, 132 Fed. Appx. 582 (6th Cir. 2005)) (**Ex. G**). "As a general matter… 'defendant [is] entitled to receive such evidence, and digest it, during the discovery period prior to filing [a] summary judgment motion.' It would be 'unreasonable to rely on affidavit "evidence" from an individual who has made himself unavailable for discovery and for whom there is even no indication he will be available for trial.'" *Id.* (quoting *Dedvukaj*, 301 F.Supp.2d at 668) (internal citations omitted).

Furthermore, "it is within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence." *Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009). "Because failures to produce relevant evidence fall 'along a continuum of fault – ranging from innocence through the degrees of negligence to intentionality, the severity of a sanction may, depending on the circumstances of the case, correspond to the party's fault. Thus, a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Id.* at 652-53 (citing *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988); *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (internal citations omitted)).

"An adverse inference is 'an inference that the party fears [producing the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.'" *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013) (quoting *Vodusek*, 71 F.3d at 156). A party seeking an adverse inference instruction based on withholding a witness must establish (1) that the party had control over the witness and an obligation to produce them; (2) that the witness was withheld with a culpable state of mind; and (3) that the withheld testimony was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *See id.* (citing *Beaven v. U.S. Dept. of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)).

Here, Marcella Johnson is the sister of Plaintiff Javell Johnson, and the daughter of Clarence Johnson, the decedent, and Plaintiff Gwendolyn Johnson, the Personal Representative of his Estate. She was the person sitting in the driver's seat of the car that Officer Stevelinck observed Javell yanking on when he arrived at the residence. (**Ex. C** at 125; **Ex. B** at 2, 4)

Marcella lives with Gwendolyn. (**Ex. C** at 41; **Ex. F** at 35) She lived with both Gwendolyn and Clarence when he was alive, and was present when he died. (**Ex. F** at 63) She knew all about his medical issues, and she knows about the circumstances surrounding his death. Plaintiffs' counsel has admitted that Gwendolyn had agreed to produce Marcella and that she is a beneficiary of the

Estate. (**Ex. E** at 4) Counsel also stated they would immediately provide dates to reschedule her deposition. (**Id.**) Nevertheless, despite repeated requests, neither Plaintiffs' counsel nor Marcella has contacted Defense Counsel to confirm a new date.

Furthermore, Plaintiffs' claims regarding Clarence rest on the disputed allegation that Officer Stevelinck had physical contact with him. Stevelinck has testified that Clarence was present, but that he voluntarily laid on the ground, and Stevelinck never touched him. (**Ex. A** at 37-39) Javell claims that Clarence was inside the house, and was never on the ground at all. (**Ex. C** at 125, 127-29, 149, 176, 178) The rest of the testifying witnesses were not there, and cannot say one way or the other. Marcella was there. She was the victim. She witnessed the entire encounter, and confirmed for the officers on the scene that Javell had been pulling on her to get her out of the car. (**Ex. B** at 2, 4) She can also confirm that Clarence Johnson was present during the altercation, that he voluntarily got on the ground when Officer Stevelinck asked him to, that Officer Stevelinck never touched him, and that Javell Johnson ignored Officer Stevelinck's commands to voluntarily get on the ground. Yet, Marcella has refused to show up for her noticed deposition, and has refused to make any attempt to reschedule it.

Defendants therefore request that the jury be instructed they may infer from Marcella's failure to testify that she would have testified that (1) Officer Stevelinck

{01858669-1}8

had no physical contact with Clarence Johnson, and (2) Javell Johnson ignored Officer Stevelinck's multiple commands to voluntarily get on the ground.

### **RELIEF REQUESTED**

WHEREFORE, for all these reasons, Defendants CITY OF ST. CLAIR SHORES and MARK STEVELINCK respectfully request this Honorable Court:

1) Issue an Order commanding Marcella Johnson to show cause for why she should not be held in contempt of court for her failure to comply with a duly issued and served subpoena to appear for her deposition and produce the documents requested therein; and,

2) Issue an Order barring Marcella Johnson from testifying in this matter in any manner, including via affidavit on summary judgment and at trial; and,

3) Issue an Order that the jury be instructed they may infer from Marcella's failure to testify that she would have testified (1) that Officer Stevelinck had no physical contact with Clarence Johnson, and (2) that Javell Johnson ignored Officer Stevelinck's multiple commands to voluntarily get on the ground.

Respectfully Submitted,

***Cummings, McClorey, Davis & Acho, PLC***

By: /s/ TIMOTHY S. FERRAND
TIMOTHY S. FERRAND (P39583)
Attorney for Defendants
19176 Hall Road, Suite 205
Clinton Township, MI 48038
(586) 228-5600

Dated: September 18, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  none.

***Cummings, McClorey, Davis & Acho, PLC***

By:  /s/ Timothy S. Ferrand