UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVELL JOHNSON, *et al.*,

   Plaintiffs,

v.

CITY OF ST. CLAIR SHORES, *et al.*,

   Defendants.

Case No. 21-cv-11305
Hon. Matthew F. Leitman

_____/

## ORDER (1) DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY OR, IN THE ALTERNATIVE, AN ADVERSE JURY INSTRUCTION AT TRIAL REGARDING THE DESTROYED AUDIO/VIDEO EVIDENCE OF THE SUBJECT INCIDENT (ECF No. 60), AND (2) GRANTING PLAINTIFFS LEAVE TO FILE MOTION REQUESTING PERMISSIVE ADVERSE INFERENCE JURY INSTRUCTION

On October 10, 2024, the Court held a hearing on the following motion: Plaintiff's Motion for Default Judgment as to Liability or, in the Alternative, an Adverse Jury Instruction at Trial Regarding the Destroyed Audio/Video Evidence of the Subject Incident. (*See* Mot., ECF No. 60.)  In that motion, Plaintiffs argued that Defendants spoliated certain audio and video recordings, and Plaintiffs sought two alternative forms of relief for that purported spoliation.  First, they asked the Court to enter a default judgment against the Defendants.  Second, in the alternative, they asked the Court to issue a mandatory, non-rebuttable adverse inference

1

instruction to the jury. More specifically, they asked the Court to instruct the jury it must presume that the content of the recordings would have been favorable to the Plaintiffs and unfavorable to the Defendants.

During the hearing on Plaintiffs' motion, the Court announced that it would decline to grant either of the proposed forms of relief as a remedy for the alleged spoliation. However, the Court indicated that it would consider giving the jury a permissive adverse inference instruction under which it would instruct the jury that it could, but was not required to, conclude that the content of the audio and video recordings would have been favorable to the Plaintiffs and unfavorable to the Defendants. In fact, the Court told the parties that it would take under advisement whether to give such a permissive adverse inference instruction.

After the hearing, the Court again carefully reviewed Plaintiffs' motion. When it did so, it realized that Plaintiffs had not asked for a permissive adverse inference instruction. Instead, as noted above, Plaintiffs request for relief was as follows:

> WHEREFORE, for the reasons set forth above and in the attached Brief in Support, Plaintiffs respectfully request that this Honorable Court grant their instant Motion in its entirety, and grant default judgment in favor of Plaintiffs, and against Defendants, as to liability as to all of Plaintiffs' claims against them. In the alternative, Plaintiffs respectfully request that this Honorable Court grant their instant Motion in part, and enter an Order providing that Plaintiffs are entitled to a mandatory, non-rebuttable

2

> adverse jury instruction at trial as to the destroyed audio
> and video evidence of the subject incident.

(*Id.*, PageID.1088.)

In light of the fact that Plaintiffs have not formally requested a permissive adverse inference instruction, as a technical matter, there is nothing for the Court to take under advisement in that regard. The proper course of action therefore is to **DENY** Plaintiffs' pending motion.

However, the Court understands, based on its discussion with counsel at the motion hearing, that Plaintiffs likely have an interest in pursing a permissive adverse inference jury instruction as a possible remedy for Defendants' alleged spoliation. And it is not too late for Plaintiffs to make such a request because jury instructions have not been finalized. Accordingly, the Court **GRANTS** Plaintiffs leave to file a motion, to be filed at the same time as motions *in limine* in this action, requesting such a permissive adverse inference instruction. The Court further concludes that addressing this request by way of a separate motion is appropriate because, as additional research by the Court has revealed, it may well be necessary to hold an evidentiary hearing to resolve the motion. *See*, *e.g.*, *Adkins v. Wolever*, 692 F.3d 499, 500-01 (6th Cir. 2012) (reviewing district court ruling denying request for adverse inference instruction that was made following an evidentiary hearing); *Moore v. Parker*, 2016 WL 6914884, at *1 (W.D. Ky. Nov. 23, 2016) (ruling on motion for

spoliation sanctions and request for adverse inference instruction arising out of destruction of footage in excessive force case following an evidentiary hearing).

**IT IS SO ORDERED**.

Dated: October 11, 2024

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 11, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126