UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVELL JOHNSON, *et al.*,

    Plaintiffs,

v.

CITY OF ST. CLAIR SHORES, *et al.*,

    Defendants.

Case No. 21-cv-11305
Hon. Matthew F. Leitman

_____/

## ORDER CONCERNING SUPPLEMENTAL BRIEFING AND SUMMARY JUDGMENT ISSUES

In this action, Plaintiffs allege that Defendant Mark Stevelinck, a police officer employed by the City of St. Clair Shores Police Department, used excessive force against Javell Johnson and Clarence Johnson on March 13, 2020. (*See* Am. Compl., ECF No. 8.) Clarence Johnson died nearly five weeks later, on April 19, 2020. (*See* Death Certificate, ECF No. 56-13.) He did not die from physical injuries inflicted by Stevelinck. His death certificate – completed in the absence of an autopsy – lists three possible causes of death: possible pulmonary embolism, possible heart attack, and congestive heart failure. (*See id.*)

Plaintiffs seek to hold Stevelinck liable for Clarence Johnson's death. Their theory is that Clarence Johnson was so traumatized by his interaction with Stevelinck that he (Clarence Johnson) refused to leave his home to obtain medical

1

treatment/care that was essential for his survival. Plaintiffs contend that if Clarence Johnson had left his home and gone to the hospital prior to his death, (1) he would have received treatment/care for his underlying conditions and (2) it is more likely than not that he would not have died. Plaintiffs have offered the opinion of Dr. Vikas Aggarwal in support of that theory. As relevant here, Dr. Aggarwal opines that: (1) "Mr. Johnson died of acute exacerbation of his underlying chronic cardiovascular conditions" and (2) "[I]f he would have presented to the hospital and sought medical care prior to his eventual demise on April 19, 2020: it is more likely than not that he would have received medical treatment that would have prevented his death at that time." (Aggarwal Rep., ECF No. 72-3, PageID.1892.)

Stevelinck has moved to exclude Dr. Aggarwal's opinion on several grounds. (*See* Mot., ECF No. 72.) As one such ground, Stevelinck argues that the opinion "is irrelevant" because Plaintiffs' claim that Stevelinck is liable for causing Clarence Johnson's death fails as a matter of law. (*Id.*, PageID.1879.) That claim fails, Stevelinck says, because the "theory of causation between [his] alleged actions and Clarence's death is too attenuated to establish a 'deprivation' of constitutional rights within the meaning of [42 U.S.C.] § 1983." (*Id.*, PageID.1879 n. 1.) And Stevelinck insists that because Plaintiffs have no viable claims or damages based upon Clarence Johnson's death, Dr. Aggarwal's opinion as to how that death may have been prevented is not relevant to any issue in this case.

2

The Court has ordered the parties to submit supplemental briefing on the issue of whether Plaintiffs have a viable claim against Stevelinck for causing Clarence Johnson's death. The Court issues this order to clarify that (1) the question of whether Plaintiffs have such a viable claim is one properly answered in the context of a motion for summary judgment and (2) the Court will construe the portion of Stevelinck's motion seeking to exclude Dr. Aggarwal's opinion as irrelevant as a motion for summary judgment on the question of whether Plaintiffs' theory of causation as to Clarence Johnson's death fails as a matter of law. Accordingly, in their supplemental briefs, the parties shall apply the governing law on proximate causation to the evidence viewed in the light most favorable to Plaintiffs and shall address whether the evidence, so viewed, is sufficient to support a finding of proximate cause under the governing legal standard. The parties may also address in their supplemental briefs any other related issues that they deem relevant to the issues currently before the Court.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 13, 2025

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 13, 2025, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan  
                                      Case Manager  
                                      (313) 234-5126